UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)

| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JEREMYAH PRESTON,<br><br>                  Defendant. | Case No. 4:20-cr-00289-SDJ-KPJ |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JOSE LUIS GARCIA,<br><br>                  Defendant. | Case No. 4:20-cr-00322-SDJ-KPJ-5<br><br>Plano, Texas<br>June 7, 2021<br>10:17 a.m. |

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Sean Taylor, Esq.<br>US Attorney's Office<br>600 East Taylor, Suite 2000<br>Sherman, TX 75090 |
| For the Defendant:<br>(Jeremyah Preston) | Denise Benson, Esq.<br>Federal Public Defender<br>600 East Taylor<br>Suite 4000<br>Sherman, TX  75090 |
| For the Defendant:<br>(Jose Luis Garcia) | Roberto Balli, Esq.<br>Balli & Balli Law Firm, LLP<br>PO Box 1058<br>Laredo, TX 78042 |
| Court Recorder: | Electronic Sound Recording |
| Interpreter: | Unknown |

Transcription Service:     Chris Hwang
                             Abba Reporting
                             PO Box 223282
                             Chantilly, Virginia 20153
                             (518) 302-6772

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Call to order at 10:17 a.m.)

THE COURT: Two cases together, 420-CR-322, United States v. Jose Luis Garcia and 420-CR-289, United States v. Jeremyah Preston.

MR. TAYLOR: Sean Taylor for the United States. Ready, Your Honor.

MR. BALLI: Good morning, Your Honor, Roberto Balli here for Jose Luis Garcia.

THE COURT: Good morning.

MS. BENSON: Denise Benson for Mr. Preston. He's ready to proceed. Good morning, Your Honor.

THE COURT: Good morning.

Sirs, please raise your right hand to be sworn.

(Defendant Garcia and Defendant Preston are sworn.)

THE COURT: All right, we're here today, sirs, for your change of plea hearing. Please state your full name and age for the record?

MR. GARCIA (through interpreter): Jose Luis Garcia, 53 years old.

MR. PRESTON: Jeremyah Preston, 19 years old.

THE COURT: What is the last grade of school that you've completed?

MR. GARCIA: College.

MR. PRESTON: 11th grade.

THE COURT: Have you ever been diagnosed with any

mental illness or problem?

MR. GARCIA: No.

MR. PRESTON: Yes, ma'am.

THE COURT: Can you tell me about that, Mr. Preston?

MR. PRESTON: It's ADHD and ADD.

THE COURT: Okay, are you seen by a doctor for those diagnoses?

MR. PRESTON: Not any more.

THE COURT: Oh, so you're not on -- you don't have any prescribed medication that you're taking?

MR. PRESTON: Not right now, no, ma'am.

THE COURT: Okay. All right, are you under the influence of any drug or alcohol, Mr. Garcia?

MR. GARCIA: No.

MR. PRESTON: No, ma'am.

THE COURT: Okay, do counsel believe your client is is competent to proceed here today?

MR. BALLI: Yes, Your Honor.

MS. BENSON: Yes, Your Honor.

THE COURT: Sirs, you have the right to have your plea taken by the district judge that's assigned to your case or you can have me, a United States magistrate judge take your plea and make a recommendation to the District Court. Do you understand that you have this right?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: I've received waiver and consent forms from you. Can you confirm for the record that you signed that document?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Did you review the document with your attorney before you signed it?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Is it your desire to proceed before me here today with your change of plea hearing?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: I find the waiver and consent has been knowingly and voluntarily given. Have you had sufficient time to review your case with your attorney?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Are you satisfied with the advice and representation that you've been given?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Each of you have been charged in an underlying indictment. Have you received a copy of that

indictment?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: You do have the right at this time to have your indictment read aloud into the record or you may waive that right. What would you like to do?

MR. GARCIA: I'll waive.

MR. PRESTON: I'll waive it.

THE COURT: Do you understand the nature of the charges alleged against you?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: At this time, I'll ask the Assistant United States Attorney to advise you of the elements of the offense that you're pleading guilty to.

These are the elements that the Government would be required to prove beyond a reasonable doubt to establish your guilt if you were to go to trial.

Mr. Taylor?

MR. TAYLOR: With regard to Mr. Garcia, first, that the Defendant and at least one other person made an agreement to commit the crime, a violation of 18 USC §554, Smuggling Goods, Firearms from the United States as far as the indictment.

Second, that the Defendant knew of the unlawful

purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

And third, that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object of purchase to the conspiracy.

The essential elements with regard to the substantive violation of smuggling goods from the United States are, first, that the Defendant received, concealed, bought, sold, or facilitated the transportation, concealment, or sale of merchandise, article, or an object, to wit firearms.

Second, prior to the exportation, and third, knowing the firearms were intended for exportation contrary to any law or regulation in the United States.

With regard to Mr. Preston's case, first, the Defendant willfully shipped, transported, or received a firearm as charged.

Second, at the time that the Defendant shipped, transported, or received a firearm, the Defendant was under indictment for a crime punishable by imprisonment for a term exceeding one year.

And third, the firearm was shipped and received in foreign commerce.

THE COURT: Thank you.

Sirs, do each of you understand the essential

elements set forth in your case?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Do you admit that you committed each one of those elements?

MR. GARCIA: Yes

MR. PRESTON: Yes, ma'am.

THE COURT: I've received plea documents in each case.

Mr. Garcia, in your case, I've received a Plea Agreement, a Plea Agreement Addendum, and a Factual Basis. Can you confirm for the record that you've signed your plea documents?

MR. GARCIA: Yes.

THE COURT: And did you review each one of those documents with your attorney before signing them?

MR. GARCIA: Yes.

THE COURT: Do you understand everything that's contained in those plea documents?

MR. GARCIA: Yes.

THE COURT: Mr. Preston, in your case, I've received a Factual Basis. And so, it's my understanding you're intending to plead guilty without a plea agreement. Is that correct?

MR. PRESTON: Yes, ma'am.

THE COURT: Can you confirm for the record that you signed your factual basis?

MR. PRESTON: Yes, ma'am.

THE COURT: Did you review it with your attorney before you signed it?

MR. PRESTON: Yes, ma'am.

THE COURT: All right, at this time, I'm going to review some of the paragraphs that are contained in the Plea Agreement for Mr. Garcia.

Mr. Preston, if you'll please also listen. Several of these same paragraphs will be applicable to you and I'll ask you the same questions that I'm going to ask Mr. Garcia.

And I'll make it clear to you and for the record if there's a paragraph that I'm reviewing that is not applicable to you.

Starting with paragraph 1 that's -- that is -- applies to both of you. This paragraph lists your constitutional rights that you have to plead not guilty, to have a trial by a jury, to have your guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses and call witnesses in your defense, and to not be compelled to testify against yourself.

Do you understand that you have these constitutional rights?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Going down to paragraph 2 of the agreement and applicable to both of you, do you understand that if you plead guilty in your case, you will waive those constitutional rights?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: All right, paragraph 3 lists the statutory penalties that can be imposed in your case. The first part of the penalty range is different, so I'll review them separately.

Mr. Garcia, for you, imprisonment for a term of not more than 5 years, a fine not to exceed $250,000, and Supervised Release of not more than 3 years.

Mr. Preston, for you, imprisonment for a term of not more than 10 years, a fine not to exceed $250,000, and Supervised Release of not more than 3 years.

However, if it's shown that you had three previous convictions by any Court for a violent felony or a serious drug offense or both, committed on different occasions, then the punishment range is imprisonment of 15 years to life, a fine not to exceed $250,000 or both, and a term of Supervised Release of at least 3 years, but not more than 5 years.

For both of you, a mandatory special assessment of $100, forfeiture of property involved in or traceable to the

offense, restitution to victims or to the community, and costs of the incarceration and supervision.

Do you understand -- do each of you understand the statutory penalties that can be imposed in your case?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Have you had an opportunity to fully review the United States Sentencing Guidelines in terms of the applicable provisions and range in your case with your attorney?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Do you understand that while the District Court will refer to the Sentencing Guidelines in determining your sentence, those guidelines are not binding upon the Court?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

THE COURT: Paragraph 5 for Mr. Garcia.

This is not applicable to you, Mr. Preston.

Mr. Garcia, paragraph 5 lists certain Guideline provisions you and the Government have agreed apply in your case. Do you understand that the Court is not bound by those stipulations?

MR. GARCIA: Yes.

THE COURT: So in determining your sentence, if the

Court applies a different Guideline provision than what's set forth in this agreement, do you understand that you'll still be bound by this Plea Agreement?

MR. GARCIA: Yes.

THE COURT: Paragraph 10 entitled "Voluntary Plea" states that your plea of guilty is freely and voluntarily made. Mr. Garcia, other than what's stated in this Plea Agreement, have any promises or assurances been made to you in effort to induce your plea of guilty?

MR. GARCIA: No.

THE COURT: This question is for both of you. Has anyone tried to force you or threaten you to plead guilty in this case?

MR. PRESTON: No, ma'am.

MR. GARCIA: No.

THE COURT: Paragraph 11 entitled "Waiver of Right to Appeal or Otherwise Challenge Your Sentence" is only applicable to Mr. Garcia.

This paragraph states that you're agreeing to give up your appellate rights in this case with the exception of two limited circumstances.

Number one is that the sentence imposed exceeds the statutory maximum.

The second is your right to appeal or seek collateral review for a claim of ineffective assistance of counsel.

Are you in fact agreeing to give up your appellate rights in this case with the exception of those two circumstances?

MR. GARCIA: Yes.

THE COURT: Have you ever been convicted of a felony before?

MR. GARCIA: No.

MR. PRESTON: No, ma'am.

THE COURT: All right, then I want to advise each of you that if you plead guilty in this case, in addition to the sentence that's imposed, you will also lose certain rights that you now have as a citizen to vote, to serve on a jury, and to possess a firearm. Do you understand that?

MR. PRESTON: Yes, ma'am.

MR. GARCIA: Yes.

THE COURT: All right, at this time, let's review the factual basis in each case.

Mr. Taylor, if you'll please summarize each, please?

MR. TAYLOR: With regard to Mr. Garcia, (indiscernible) is the person charged in the indictment at the events described in the indictment occurred in the Eastern District of Texas and elsewhere, that the Arms Export Control Act authorized the president to control the export of commodity services and technologies designated as defense articles and defense services in furtherance of the security of foreign

policy interests of the United States.

It also designated that a U.S. munitions list, which is published in a federal registry.

The AEC provides that individuals or anybody seeking to export articles or services listed in the USML must first register with and obtain an export license from the Department of State president as a delegate to the Department of State the authority to designate defense articles and defense services and issue regulations governing the license of designated materials.

The Department for the DOS regulates implementing the regulations of the AEC are entitled to International Trafficking Arms Regulations.

The ITAR identifies by category the defense-related articles and services that are covered by the USML and establish the requirements and procedures for registering with and obtaining a license from DOS with the export of any such materials.

Among other requirements, the ITAR requires an applicant furnish for a license to identify open and final designation to goods and services.

Prior to March 9th, 2020 the Category 1 of the USML covers several classifications of firearms, including nonautomatic and semi-automatic firearms up to .50 caliber.

Effective March 9, 2020, the same Category 1 firearms

were moved from USML to the Commerce Department, Commerce control with regulation and scheduling pursuant to the export control or format.

Prior to March 9, 2020, the firearms listed in the indictment, as well as the firearms listed in reference in the factual resume were covered by Category 1 of the USML and were defense articles that could not be exported from the United States without a license issued by DOS.

As of March 9, 2020, the firearms listed in the indictment as well as the firearms listed in the factual resume were recovered by the CCO, can not be exported from the United States without a license issued by the Commerce Department.

That the Defendant and one or more persons in some way or manner made an agreement to commit the crime per the indictment of smuggling goods, firearms from the United States.

The Defendant knew the unlawful purpose of the agreement and joined it willfully, that is, with the intent to further the unlawful purpose.

That the Defendant received, concealed, bought, sold, and facilitated transportation, concealment, or sale of firearms.

The Defendant received, concealed, bought, sold, or facilitated the transportation, concealment of said firearms prior to their exportation.

The Defendant received, concealed, bought, sold, and

facilitated the transportation concealment or sales of said firearms knowing that they were intended for exportation contrary to any law regulation of the United States.

That is, the Defendant had not obtained or acquired export license and authorization from the U.S. Department of State or Department of Commerce in violation of federal law.

That Defendants or one of the co-conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some objects for purpose of the conspiracy.

That is, in or about March 2020, Mummert delivered firearms, firearm parts, and ammunition to Garcia. That tractor trailer stop located in Grand Prairie, Texas, knowing said firearms were intended for export to Mexico.

On or about June 11th, 2020, Mummert delivered firearms, firearm parts, and ammunition to Garcia, the tractor trailer truck stop located at Grand Prairie, Texas, knowing said firearms were intended for export to Mexico.

That on or about June 17, 2020 in the state of Carmelitas, Mexico, Carmelitas state police discovered and seized approximately 54 firearms hidden inside four refrigerator units, which had recently been shipped -- recently been imported into the United States. Of the 54 firearms recovered, approximately 33 of them were traded -- traced back to Mummert.

The firearms referenced above had been transported to the border by the Defendant Jose Garcia receiving them Mummert and others as described above.

Garcia also delivered the refrigeration units referenced above, the Exports Depot knowing or having reason to believe it contained some firearms.

That during the term of the conspiracy, Defendant's role in the conspiracy was to transport firearms to the border. He proceeded at least two times.

And that the Defendant or co-Defendants completed all acts of the -- acts the conspirators believed necessary on their part with successful completion, the substantive offense of smuggling goods, firearms from the United States.

With regard to Mr. Preston, on September 28th, 2020, Mr. Preston was operating a vehicle when he was stopped for a traffic violation in Denton County in the Eastern District of Texas. He did not have a driver's license.

Officers smelled marijuana coming from the vehicle and searched the vehicle and recovered a Glock, model 22JEN4, .40 caliber semi-automatic pistol, automatic pistol, serial number RG426US in the glove compartment of the vehicle.

A special agent with ATF conducted a firearms trace and determined the firearm was purchased on December 13th, 2019.

Special agent further confirmed that Preston had been

under indictment since July 18, 2020 for Aggravated Robbery in cause number 199-82890-2019, Collin County, Texas.

That the Defendant, while knowing he was under the indictment for a crime punishable by a term exceeding one year did knowingly received a firearm, namely the Glock referenced above in that it's a firearm under federal law.

It was not manufactured in the state of Texas, and therefore, it traveled in interstate commerce.

THE COURT: Thank you.

Sirs, is everything in your factual basis true and correct?

MR. GARCIA: Yes.

MR. PRESTON: Yes, ma'am.

MR. GARCIA: Are there any changes you'd like to make to it at this time?

MR. GARCIA: No.

MR. PRESTON: No, ma'am.

THE COURT: All right, in your own words, please summarize the criminal conduct that you're pleading guilty to, Mr. Garcia?

MR. GARCIA: I was hired to transport these firearms, take them to the border with knowledge that they were going to be going across the border into Mexico.

THE COURT: Okay, and these two specific dates that are set forth in your factual basis, that is June 17th, or I'm

sorry, March 2020 and June 11th, 2020, you agree that those dates are correct that you met Mr. Mummert to receive the firearms?

MR. GARCIA: Yes.

THE COURT: And then, you delivered those firearms into Mexico on or about June 7th, 2020 -- 17th, 2020?

MR. GARCIA: Yes.

THE COURT: And did you do so without an export license?

MR. GARCIA: Yes.

THE COURT: Did you know that your conduct was illegal?

MR. GARCIA: Yes.

THE COURT: All right, are both counsel satisfied there's a factual basis to support this plea?

MR. TAYLOR: Yes, Your Honor.

MR. BALLI: Yes, Your Honor.

THE COURT: All right, Mr. Preston?

MR. PRESTON: I was in possession of a firearm while under indictment.

THE COURT: Did you purchase the firearm when you were under indictment?

MR. PRESTON: Yes, ma'am.

THE COURT: And then, did you fail to disclose that when you were purchasing the Glock, that you were under

indictment?

MR. PRESTON: Yes, ma'am.

THE COURT: Did you know that you were supposed to do that?

MR. PRESTON: Yes, ma'am.

THE COURT: I mean, by that, I mean, that you were supposed to disclose or that you wouldn't have been able to buy a firearm if you would have said you were under indictment?

MR. PRESTON: Yes, ma'am.

THE COURT: Are both counsel satisfied there's a factual basis to support the plea?

MR. TAYLOR: Yes, Your Honor.

MS. BENSON: Yes, Your Honor.

MR. BALLI: Yes, Your Honor.

THE COURT: Counsel, do each of you -- have each of you had sufficient time to review your case with your client?

MR. BALLI: I have, Your Honor.

MS. BENSON: Yes, Your Honor.

THE COURT: Do you join in your client's decision to plead guilty?

MR. BALLI: I do, Your Honor.

MS. BENSON: Yes, I do, Your Honor.

THE COURT: All right, and Ms. Benson, do you also agree with your client's decision to plead without a plea agreement?

MS. BENSON: Yes, I do, Your Honor.

THE COURT: All right, sirs, at this time, I'll ask how you plead.

Mr. Garcia, for you in case number 420-cr-322, as to Count 1 of the indictment, which charges a violation of United States Code 371, Conspiracy to Smuggle Goods from the United States in violation of 18 United States Code 554, how do you plead, guilty or not guilty?

MR. GARCIA: Guilty.

THE COURT: Mr. Preston, for you in case number 420-cr-289, as to Count 1 of the indictment, which charges a violation of 18 United States Code 922(n), receipt of a firearm shipped or transported in interstate or foreign commerce while under indictment, how do you plead, guilty or not guilty?

MR. PRESTON: Guilty.

THE COURT: I'll accept each of your pleas of guilty to Count 1 of the indictment. I'll make the following findings on the record for both of your cases.

The Court finds that you are competent to plead, you've had assistance of counsel, you understand your trial rights and the nature of the charges alleged against you, you understand the statutory penalties that can be imposed in your case.

And while the Court will refer to the United States Sentencing Guidelines in determining your sentence, those

Guidelines are not binding upon the Court.

I do find that your plea is knowing and voluntary. There is a factual basis to support your plea. So I'll make a recommendation that the District Court accept your plea of guilty.

You do have 14 days to make an objection to that recommendation. Anything further from counsel?

MR. TAYLOR: No, Your Honor, no.

MR. BALLI: No, Your Honor.

MS. BENSON: Your Honor, I do have to clarify something for Mr. Preston?

THE COURT: Yes?

MS. BENSON: Based on the questions that you had asked him, after he went over the Factual Basis, I believe he just was nervous, but he did not actually purchase the firearm or fill out an ATF form. He was found in receipt of the firearm.

THE COURT: Oh.

MS. BENSON: And I believe your question is as to whether he purchased it?

THE COURT: Yes.

MS. BENSON: He was not the person who purchased it.

THE COURT: Okay, so --

MS. BENSON: Correct, Mr. Preston?

MR. PRESTON: Yes, ma'am.

THE COURT: Okay, so Mr. Preston --

Ms. Benson, thanks for that clarification.

So, Mr. Preston, I guess the correct question for you is did you know that you weren't supposed to be in possession of a firearm because you were under indictment?

MR. PRESTON: Yes, ma'am.

THE COURT: Okay, all right, I think that clarification is all that's needed.

MS. BENSON: Yes, Your Honor, I believe so.

THE COURT: Okay, all right, we'll stand adjourned as to both cases.

MR. BALLI: Thank you, Your Honor.

THE COURT: You're welcome.

(Proceedings concluded at 10:39 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____          <u>February 25, 2022</u>

Chris Hwang                            Date

Transcriber